IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUANG QI HUANG | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO.  05-6754 |
| | : | |
| SUPERINTENDENT JOSEPH NISH and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA | : | |
| Respondents. | : | |

## O R D E R   &   M E M O R A N D U M

## O R D E R

**AND NOW**, this 31st day of July, 2006, upon consideration of the pro se Petition for

Writ of Habeas Corpus from Final Judgment of the Pennsylvania Supreme Court, Eastern

District, Entered on the 6th, day of October, 2005 (Document No. 1, filed December 28, 2005),

Answer of the District Attorney of Chester County to Petition for Writ of Habeas Corpus

(Document No. 10, filed April 3, 2006), the Report and Recommendation of United States

Magistrate Judge Linda K. Caracappa dated June 29, 2006 (Document No. 13, filed June 30,

2006), pro se Petitioner Objection[s] to the Magistrate's Report and Recommendation

(Document No. 14, filed July 13, 2006), and the Petition for Appointment of Counsel to the

Honorable Judge of Said Court (Document No. 15, filed July 21, 2006), **IT IS ORDERED** as

follows:

    1.    The Report and Recommendation of United States Magistrate Judge Linda K.

        Caracappa dated June 29, 2006 is **APPROVED** and **ADOPTED**.

2.      The Petitioner Objection[s] to the Magistrate's Report and Recommendation are

**OVERRULED**;

3.      The Petition for Writ of Habeas Corpus from Final Judgment of the Pennsylvania

Supreme Court, Eastern District, Entered on the 6th, day of October, 2005 is

**DISMISSED WITH PREJUDICE**.

4.      The Petition for Appointment of Counsel to the Honorable Judge of Said Court is

**DENIED**.

5.      A certificate of appealability will not issue on the ground that petitioner has not

made a substantial showing of a denial of a constitutional right as required under

18 U.S.C. § 2253(c)(2).

**M E M O R A N D U M**

I.      **INTRODUCTION**

Petitioner, Huang Qi Huang, is currently incarcerated in the State Correctional Institution

at Waymart, Pennsylvania. On December 28, 2005, he filed a pro se Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 in this Court. The petition was referred to Magistrate Judge

Linda K. Caracappa for a Report and Recommendation. In the Report and Recommendation

dated June 29, 2006, the Magistrate Judge recommended that the petition be denied and

dismissed on untimeliness grounds. Huang filed Objections to the Report and Recommendation,

and a Petition for the Appointment of Counsel. For the reasons set forth below, the Court

overrules the petitioner's Objections, approves and adopts the Report and Recommendation,

dismisses the Petition for Writ of Habeas Corpus, and denies the Petition for Appointment of

Counsel.

## II.    FACTS

The facts and procedural history of this case are detailed in the Report and

Recommendation and are included in this Memorandum insofar as necessary to address the

issues raised by Huang's Objections.

On April 12, 1996, a jury found Huang and his co-defendants guilty of five counts of

robbery, one count each of burglary, possession of an instrument of crime, terroristic threats,

false imprisonment, and criminal conspiracy. On July 15, 1996, the trial court sentenced Huang

to an aggregate term of fifteen (15) to forty (40) years imprisonment.

Huang filed a direct appeal to the Superior Court of Pennsylvania. The Superior Court

affirmed petitioner's judgment of sentence on March 31, 1998. Huang did not file a petition of

allowance of appeal to the Supreme Court of Pennsylvania, so his conviction became final thirty

days later on April 30, 1998.

On November 8, 2000, Huang filed a motion for appointment of counsel in order to file a

nunc pro tunc petition for allowance of appeal to the Supreme Court of Pennsylvania. Thereafter,

petitioner's court appointed counsel and the Commonwealth entered into a stipulation in which

they agreed to the filing of a nunc pro tunc petition for allowance of appeal. The stipulation,

dated June 28, 2001, explained that "the defendant was not advised of the outcome of his appeal

to the Superior Court by former counsel (because former counsel had likewise not received the

opinion)." On June 29, 2001, Judge Howard F. Riley, Jr. of the Court of Common Pleas issued

an order, based on the stipulation of counsel, permitting petitioner to file a nunc pro tunc petition

for allowance of appeal. Huang filed the petition on August 24, 2001. On December 26, 2001,

the Supreme Court of Pennsylvania denied petitioner's <u>nunc pro tunc</u> petition for allowance of appeal.

On November 2, 2002, Huang filed a <u>pro se</u> petition under the PCRA, 42 Pa.C.S. § 9541, <u>et seq.</u> Thereafter, counsel was appointed, and counsel filed an amended PCRA petition. On January 16, 2004, the PCRA court held an evidentiary hearing, and on June 30, 2004, the amended petition was denied on the merits. Huang then filed an appeal to the Superior Court.

On May 6, 2005, the Superior Court affirmed the PCRA court's judgment, but on different grounds. <u>Commonwealth v. Huang Qi Huang</u>, 2020 EDA 2004 (May 6, 2004). The Superior Court did not address the merits of the amended PCRA petition. Instead, the Superior Court ruled that the <u>nunc pro tunc</u> petition for allowance of appeal was actually Huang's first PCRA petition because it sought "a form of collateral relief." <u>Id.</u> at *4. Accordingly, it "was subject to the time constraints of the PCRA." <u>Id.</u> After examining the PCRA time constraints, and noting that "Huang did not explicitly plead any of the timeliness exceptions of the PCRA," the Superior Court concluded (i) the <u>nunc pro tunc</u> petition for allowance of appeal was untimely filed and did not qualify for statutory tolling under the PCRA exceptions; and (ii) Judge Riley's order to the contrary was "a nullity" since he lacked jurisdiction due to the untimeliness issue.[1]

---

[1] The Superior Court explained:

When Huang filed his Motion seeking to restore his right to file a petition for allowance of appeal on November 8, 2000, he was seeking a form of collateral relief. As such, that Motion should have been treated as a first PCRA petition. . . . As a PCRA Petition, Huang's Motion was subject to the time constraints of the PCRA. . . .

Huang's judgment became final on April 30, 1998, 30 days after this Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. . . . Thus, Huang had until April 30, 1999 to file a timely PCRA petition. However, Huang did not file his Motion seeking the restoration of his rights to petition for allowance of appeal until November 8, 2000,

Id. at *5. Finally, the Superior Court concluded that Huang's amended PCRA petition dated

November 8, 2002 was also untimely under the PCRA.[2]

      Petitioner then filed a petition for allowance of appeal to the Pennsylvania Supreme

Court. That Court denied the petition on October 6, 2005.

      On December 28, 2005, Huang filed the instant habeas petition, alleging:

1.     The Superior Court erred in concluding that Huang's initial petition seeking the right to file a <u>nunc pro tunc</u> petition for allowance of appeal was an untimely PCRA petition.

2.     The Superior Court erred in finding his second PCRA petition untimely.

3.     The trial court incorrectly applied Pennsylvania's mandatory minimum sentence for offenses involving a firearm to him, and that trial counsel was ineffective with respect to this issue.

4.     Trial counsel incorrectly applied Pennsylvania's sentencing guidelines, and trial counsel was ineffective with respect to this issue.

5.     His appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim in the <u>nunc pro tunc</u> petition for allowance of appeal.

_____

      which filing was manifestly untimely.

Id. at *4-*5 (internal citations omitted).

    [2] The Superior Court reasoned:

    To determine the timeliness of Huang's Petition for allowance of appeal, which was eventually filed on August 24, 2001, it must be measured from March 31, 1998, the date this Court affirmed the judgment of sentence. Accordingly, Huang's Petition for allowance of appeal was untimely as being filed beyond thirty days after this Court's decision . . . . Therefore, the one-year PCRA petitioning period applicable to the present Petition is measured from April 30, 1998, when Huang's judgment of sentence became final. Because Huang did not file the instant Petition until November 8, 2002, this Petition is untimely.

Id. at *5 (internal citations omitted).

6.      The charge of terroristic threats merged with the charge of robbery, and trial counsel was
        ineffective with respect to this issue.

Respondents argue that the federal habeas petition should be dismissed as untimely.

        After review of the habeas petition, the response, and the record in this case, Magistrate

Judge Caracappa issued a Report and Recommendation dated June 29, 2006, in which she

recommended that the petition be denied and dismissed as untimely. Following the issuance of

the Report and Recommendation, Huang filed Objections to the Magistrate's Report and

Recommendation. He also filed a Petition for Appointment of Counsel.

## II.     DISCUSSION – OBJECTIONS TO REPORT AND RECOMMENDATION

### A.      Summary of Huang's Objections

        In his objections to the Report and Recommendation, Huang makes two primary

arguments. First, he argues that the Superior Court's decision dated May 6, 2005 erred by

construing his nunc pro tunc petition for allowance of appeal as an untimely first PCRA petition.

Second, he argues that the delay in filing his federal habeas petition should be excused due to

statutory tolling that is applicable under the PCRA. For the reasons set forth below, the Court

rejects each of Huang's arguments.

### B.      This Court does not have jurisdiction to revisit the Superior Court's decision on
        timeliness.

        Huang asks this Court to reject the Superior Court's decision of May 6, 2005 and, instead,

rule that his nunc pro tunc petition for allowance of appeal was timely filed under the statutory

tolling provisions of the PCRA. That argument is based on the following: Neither Huang nor his

attorney were notified by the Superior Court Prothonotary that his appeal had been denied on

March 31, 1998. This lack of notification by a government official falls within a statutory

exception to filing requirements, which should excuse his delay in filing a direct appeal. 42 Pa.

C.S.A. § 9545(b)(1)(i-ii).[3] In support of this argument, Huang points to the fact that the

Commonwealth acknowledged that the Superior Court Prothonotary failed to notify him and his

attorney of the Superior Court's decision, and accordingly entered into a stipulation allowing

Huang to file the nunc pro tunc petition for allowance of appeal to the Pennsylvania Supreme

Court. On June 29, 2001, Judge Riley approved the stipulation and issued an order permitting

Huang to file a nunc pro tunc petition for allowance of appeal.

Huang contends that the Superior Court's ruling dated May 6, 2005 erred in construing

the nunc pro tunc petition for allowance of appeal as an untimely first PCRA petition and that,

having done so, the Superior Court further erred in failing to apply statutory tolling to the

petition. Specifically, Huang points to 42 Pa. C.S.A. § 9545(b)(1)(i-ii), which allows the tolling

of the time for filing PCRA petitions where the petitioner proves that (i) his failure to raise a

claim previously was the result of government interference, or (ii) the facts underlying a claim

were unknowable and could not have been ascertained by the exercise of due diligence. On this

---

[3] 42 Pa. C.S.A. § 9545(b)(1)(i-ii) outlines the "Time for Filing a Petition," and states:
(1) Any petition under this subchapter, including a second or subsequent petition, shall be

filed within one year of the date the judgment becomes final, unless the petition alleges
and the petitioner proves that:

(i) the failure to raise the claim previously was the result of
interference by government officials with the presentation of the
claim in violation of the Constitution or laws of this Commonwealth
or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the
petitioner and could not have been ascertained by the exercise of due
diligence.

issue, he acknowledges that he "failed to spell out the exception in his [nunc pro tunc] petition [for allowance of appeal]," but argues that the Superior Court should have recognized it nonetheless. Pet. Objections at 2.

Whatever this Court might think about the Superior Court decision of May 6, 2005, this Court is precluded from considering the merits of Huang's arguments as to the timeliness of his state court petitions. Whether a state post-conviction petition is untimely under state law is a state law question. "[I]t is not the province of a federal habeas court to reexamine state-court determinations in state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). Accordingly, this Court may not revisit the issue of whether the Superior Court properly ruled on the timeliness of Huang's nunc pro tunc petition for allowance of appeal (treated as a first PCRA petition) and Huang's amended PCRA petition (treated as a second PCRA petition). Because the Superior Court determined that such filings were untimely, that is the end of this Court's inquiry into the timeliness of those filings.

**C.      The Habeas Corpus Petition is untimely under the AEDPA.**

Huang urges the Court to excuse the delay in the filing of his federal habeas petition. This Court concludes that there are no grounds for excusing the delay and that Magistrate Judge Caracappa was correct in stating that the federal habeas petition was not timely filed. That conclusion is based on an analysis of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq.

The AEDPA provides, inter alia:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute creates a tolling exception, under which "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A properly filed application is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

As set forth above, Huang's judgment of sentence was affirmed by the Superior Court on March 31, 1998. Because he did not seek allocutur within thirty days, see Pa. R.A.P. 1113(a), direct review ceased on April 30, 1998, and his conviction became final on that date. Petitioner

had one year from that date, i.e., until April 30, 1999, to file a timely petition for a writ of habeas corpus. Not until over two and a half years later, on November 8, 2000, did Huang take any action in his case – on that date, he filed a motion for appointment of counsel in order to file a nunc pro tunc petition for allowance of appeal. That petition and a later filed PCRA petition were ruled to have been untimely filed by the Superior Court in its decision dated May 6, 2005. As a consequence of that decision, neither of Huang's petitions is deemed to have been properly filed. Because Huang's state court petitions were not properly filed, the time during which they were pending in state court is not tolled for AEDPA purposes.

Huang filed the instant habeas petition on December 28, 2005, over seven and a half years after his conviction became final. Because the state courts did not excuse Huang's delay in filing his post conviction petitions, and because Huang does not qualify for tolling of the AEDPA limitations period, the Court concludes that, under the AEDPA, the habeas petition is untimely.

### III.    DISCUSSION - MOTION FOR APPOINTMENT OF COUNSEL

Huang filed a Petition for Appointment of Counsel. Because the Court concludes that there are no grounds that would allow Huang to timely file a habeas petition, the Court denies the request for counsel.

### IV.    CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c). The

Court concludes that Huang has not made such a showing. Therefore, the Court will not issue a certificate of appealability.

## V.      CONCLUSION

For the foregoing reasons, the Court approves and adopts Magistrate Judge Caracappa's Report and Recommendation dated June 29, 2006, overrules petitioner's Objections to the Report and Recommendation, and dismisses the Habeas Petition with prejudice. The Court also denies the Petition for Appointment of Counsel.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**

**JAN E. DUBOIS, J.**